```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

AARON LAMONT JOHNSON,          }
                               }
     Petitioner,               }
                               }     CIVIL ACTION NO.
v.                             }
                               }     2:03-CV-2913-WMA
WARDEN RALPH HOOKS, et al.,    }
                               }
     Respondents.              }
```

## MEMORANDUM OPINION AND ORDER

Before the court is the fourth post-judgment motion (Doc. 51) of petitioner Aaron Lamont Johnson ("Johnson") for relief from this court's June 21, 2004, dismissal of his petition for writ of habeas corpus (Doc. 23). The motion was then assigned to Hon. Inge Johnson who dismissed Johnson's two previous Rule 60(b) motions[1] as unauthorized successive habeas petitions. Rule 60(b) motions that assert "claims of error in the movant's state conviction" should be treated as successive petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). And under 28 U.S.C. § 2244(b), a petitioner presenting a successive petition must, *inter alia*, receive an order from the appropriate court of appeals authorizing the district court to consider the petition. Johnson's previous 60(b) motions were denied because they attacked "the substance of this court's denial of his habeas petition," (Doc. 35 at 3), and because Johnson did not seek

---

[1] Johnson also filed a Motion for Relief from Denial of Access to Court on June 24, 2014, which this court denied on July 7, 2014.

1

and obtain authorization from the Eleventh Circuit to file his motions.

When the court denied Johnson's first Rule 60(b) motion, it noted that "a Rule 60(b) motion is not a successive motion when it 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.'" (Doc. 35 at 2, n.2 (quoting *Gonzalez*, 545 U.S. at 532)). Running like molasses with this language, Johnson now asserts in his current 60(b) motion, again without seeking authorization from the Eleventh Circuit, that in August 2014 he discovered "defects of fraud in the habeas proceedings." (Doc. 51 at 3). According to Johnson, during his direct appeal, the Alabama Court of Criminal Appeals discredited favorable eyewitness testimony by reference to a third trial transcript, but no such transcript actually existed. Johnson contends that "[t]his erroneous factual finding constitute[s] the defect of fraud in the integrity of the habeas proceedings" because that court's reference to the nonexistent transcript was fraudulent and because this court adopted the fraudulent defect by deferring to the evaluation of the evidence by the Court of Criminal Appeals. (Doc. 51 at 4).

Johnson's latest effort fails. First, Johnson's labeling of the alleged defect as fraudulent is merely conclusory. No true allegations of fraud are present. Johnson is plainly, and admittedly, attacking an allegedly "erroneous factual finding" made by the Court of Criminal Appeals. (Doc. 51 at 4). Johnson has

presented no basis for the court to conclude that any factual error by the Court of Criminal Appeals was fraudulent. Instead, Johnson continues to make the same argument that the Court of Criminal Appeals erred because it should have accorded more weight to his favorable witness testimony. Accordingly, the court finds that Johnson's Rule 60(b) motion, despite its conclusory allegations of fraud, is, in fact, an unauthorized successive petition.

Even if the court were to treat Johnson's motion as a Rule 60(b) motion properly alleging fraud, Johnson has another insurmountable problem. Claims of fraud may be brought under Rule 60(b)(3), but such motions must be made within a year of the judgment being attacked. Fed. R. Civ. P. 60(c)(1). Johnson's motion comes eleven years after the denial of his habeas petition and nine years after that decision was affirmed on appeal. While Johnson claims to have only discovered the alleged fraudulent conduct in August 2014, the strict 1-year deadline for claims of fraud under Rule 60(b) does not permit an exception for his recent discovery.

For the reasons set forth above, Johnson's Motion for Relief from Judgment Pursuant to Rule 60(b) (Doc. 51) is DENIED. Because Johnson has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

DONE this 17th day of August, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE